J-S65043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE TYRONE TAYLOR | : | |
| | : | |
| Appellant | : | No. 628 MDA 2019 |

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000785-2013

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                     **FILED JULY 31, 2020**

Appellant, Clarence Tyrone Taylor, appeals from the order entered March 22, 2019, that granted in part and denied in part his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  Pursuant to the PCRA order, the PCRA court reduced the duration of Appellant's sex offender registration from 25 years to 10 years.  We dismiss this appeal.

On December 11, 2012, Appellant solicited sexual acts from and transmitted an image of his penis to someone he believed to be a fifteen-year-old but was really an Attorney General's Office agent.  After a jury trial, Appellant was convicted of unlawful contact with a minor, criminal use of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

communication facility, and solicitation to commit sexual abuse of children.[2] Appellant was initially ordered to register as a sex offender for the remainder of his life. Upon remand following his direct appeal, he was ordered to register as a sex offender for 25 years.

On October 6, 2017, Appellant filed his first, *pro se*, timely PCRA petition alleging ineffective assistance of counsel for failure to file a motion to suppress his statement to police. On March 12, 2018, the PCRA court permitted Appellant to file an amended petition within 30 of days of the date of the order – *i.e.*, April 11, 2018. Appellant did not file his amended PCRA petition until May 15, 2018 – *i.e.*, 34 days late. Accordingly, Appellant's amended petition was untimely, and, consequently, he has waived all issues raised therein, including his claim that the Sex Offender Registration and Notification Act ("SORNA") I was unconstitutional as applied to him based on *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (finding SORNA I violated offenders' *ex post facto* rights due to its retroactive application to those convicted prior to its effective date of December 20, 2012). As Appellant only raises claims related to his sex offender registration in his appeal and has abandoned all ineffectiveness claims from his initial PCRA petition, **see** Appellant's Brief at 4, 9-10, all of his appellate challenges hence are waived.

Assuming *arguendo* that we were to ignore the untimeliness of Appellant's first amended PCRA petition and to accept the challenge raised

---

[2] 18 Pa.C.S. §§ 6318(a)(1), 7512(a), and 902(a) (to commit **id.** § 6312(b)), respectively.

- 2 -

therein to be preserved, we would note that Appellant then filed a second amended PCRA petition, alleging that application of SORNA II is also unconstitutional as applied to him. However, nothing on the certified docket nor in the certified record indicates that Appellant sought leave of the PCRA court to file a second amended PCRA petition as required by Pa.R.Crim.P. 905(A). "[L]eave to amend [a PCRA petition] must be sought and obtained, and hence, amendments are not 'self-authorizing.'" **Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014). As Appellant did not seek and obtain permission to amend, his second amended petition is a legal nullity, and all claims raised therein are waived.

Additionally, we note that Appellant is not an aggrieved party and, ergo, lacks standing to appeal this decision. Pa.R.A.P. 501. In Appellant's first amended PCRA petition, he requested, *inter alia*, that the PCRA court "set [his] registration period as 10 years[,]" which the PCRA court did. Amended PCRA Petition, 5/15/2018, at 6. The fact that Appellant later abandoned this request in his second amended PCRA petition, instead asking the PCRA court to "vacate the registration period of his sentence and [to o]rder that he be taken off the State Police Registration as a sex offender" entirely, is of no moment, because his second amended PCRA petition is a legal nullity, due to his failure to seek and to obtain permission to amend. Second Amended PCRA Petition, 8/31/2018, at 2. As Appellant is not an aggrieved party, he lacks standing to appeal. We therefore dismiss this appeal.

Appeal dismissed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/31/2020